## EMANUEL v. MARTIN.

1. When partners execute several notes, in their individual names, for work done for the firm, if there is a total failure of the consideration, the defence may be made by either, when sued upon the note executed by him.

Error to the County Court of Conecuh.

THE defendant in error, brought suit against the plaintiff in error, before a justice of the peace, and recovered judgment, from which the defendant appealed to the county court. Upon the trial in that court, as appears from a bill of exceptions, it was proved, that the notes which were the foundation of the action, were given for work and labor performed by the plaintiff, for Farnham & Emanuel, as manager and chief workman in tanning, currying, and dressing leather, in the tan-yard of Farnham & Emanuel. That after his services were closed with the firm, each member executed their notes separately, for one half the wages due by the firm to the plaintiff, and that when the partners come to examine their hides, and leather, they found that plaintiff had neglected to attend to his business, and that the hides and leather were damaged to a greater extent than the amount of the notes, the foundation of the action.

The defendant moved the court to charge, that if the jury found these facts to be proved, the notes were without consideration, to the extent of the injury caused by the conduct of the plaintiff. This charge the court refused to give, but charged, there could be no failure of consideration to a note given by one member of a firm, on account of damage done by the plaintiff in failing to perform duties he had agreed to perform for the firm. To which the defendant excepted, and which he now assigns as error.

30

BRODIE, for plaintiff in error.

T. D. CLARKE, contra.

ORMOND, J.—The bill of exceptions in this case, is ob-scurely drawn. As we understand it, it presents the case of two partners executing their individual notes to a workman, for a debt due from the partnership, and that the work which was the consideration of the notes, was so unskilfully and badly executed, that the entire consideration of both notes has failed. This is doubtless a defence, which either part-ner may make, when sued upon the note executed by him, as the failure of consideration is entire, as to both contracts, and the right to make the defence is not lost by the execu-tion of separate notes.

Judgment reversed and cause remanded.